1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RYDER KLENK,                              No.  2:22-cv-01366-DAD-DMC

12                    Plaintiff,

13           v.                                 ORDER GRANTING DEFENDANT CITY OF
                                                ETNA'S MOTION TO DISMISS AND
14    CITY OF ETNA, et al.,                     DENYING DEFENDANT MENDES'S
                                                MOTION TO DISMISS
15                    Defendants.
                                                (Doc. Nos. 56, 57)
16

17

18           This matter came before the court on November 21, 2023 for a hearing on the motions to

19    dismiss filed by defendant City of Etna ("City") and defendant Nathan Mendes.  (Doc. Nos. 56,

20    57.)  Attorneys James Cook and Brandon Yee appeared by video on behalf of plaintiff Ryder

21    Klenk, attorney Derick Konz appeared by video on behalf of the defendant City, and attorney

22    Amanda Moyer appeared by video on behalf of defendant Mendes.  (Doc. No. 62.)  For the

23    reasons explained below, the defendant City's motion to dismiss will be granted without further

24    leave to amend and defendant Mendes's motion to dismiss will be denied.

25                                      **BACKGROUND**

26           In his operative third amended complaint ("TAC"), plaintiff alleges as follows.  On

27    September 3, 2021, plaintiff was attacked by two police dogs that were owned by the defendant

28    /////

                                                 1

1   City and placed in the custody of defendant Mendes, who is employed by the defendant City as a

2   police officer and canine handler.  (Doc. No. 52 at ¶¶ 5, 11, 13.)

3      Police dogs are typically used to locate hidden objects or people, but, according to

4   plaintiff, police dogs are increasingly used to forcibly subdue suspects.  (*Id.* at ¶ 10.)  These dogs

5   are usually of the Belgian Malinois breed, which are faster and more agile than German

6   shepherds or Rottweilers.  (*Id.*)  City of Etna Police Department policy requires police dogs to be

7   caged and supervised at all times because of their capacity and propensity for violence.  (*Id.* at

8   ¶ 15.)  The defendant City bought the two police dogs and placed them in the custody of

9   defendant Mendes.  (*Id.* at ¶ 11.)

10      On September 3, 2021, the two police dogs owned by the defendant City escaped the

11   custody of defendant Mendes and mauled plaintiff, dragging him from a parking lot to a nearby

12   field.  (*Id.* at ¶ 13–14.)  Plaintiff's roommate discovered plaintiff, severely injured, in that field.

13   (*Id.* at ¶ 14.)  Defendant Mendes pursued the escaped dogs and used specialized verbal commands

14   and "physical tactics" to retrieve the animals.  (*Id.* at ¶ 15.)  Upon finding plaintiff and observing

15   plaintiff's life-threatening injuries, defendant Mendes insisted that plaintiff's roommate not call

16   emergency medical services, not talk to the police, and immediately take plaintiff and leave the

17   area.  (*Id.* at ¶ 16, 21.)  Despite knowing that plaintiff had just been severely injured by the police

18   dogs he was tasked with supervising, defendant Mendes then left the area without calling

19   emergency services or providing medical care to plaintiff himself.  (*Id.* at ¶ 21.)

20      Plaintiff alleges that, prior to filing the complaint initiating this action, on January 24,

21   2022, he submitted a tort claim with the City's clerks' offices as required by California

22   Government Code § 910.  (*Id.* at ¶ 7.)  Plaintiff further alleges that on February 7, 2022, his tort

23   claim was rejected, and that he thus exhausted his administrative remedies.  (*Id.*)

24      On August 1, 2022, plaintiff filed the initial complaint against the defendant City,

25   defendant Mendes, defendant Brett Letendre, and unnamed defendants Does 1–50.  (Doc. No. 1.)

26   On October 10, 2022, plaintiff filed his first amended complaint, naming those same defendants.

27   (Doc. No. 15.)  On October 18, 2022, plaintiff requested the voluntary dismissal of the defendant

28   City as a party from the suit; the court granted the request the next day.  (Doc. Nos. 16, 17.)

1   Several months later, on March 2, 2023, plaintiff filed the second amended complaint ("SAC"),

2   again naming the same defendants, including re-naming the City of Etna as a defendant.  (Doc.

3   No. 29.)  On June 29, 2023, defendant Mendes filed a motion to dismiss the SAC, which the court

4   granted on August 15, 2023, with leave to amend.  (Doc. Nos. 46, 51.)  On August 28, 2023,

5   plaintiff filed the TAC, again naming defendants City of Etna and Mendes, along with Doe

6   defendants 1–50, but no longer naming defendant Letendre.[1]  (Doc. No. 52.)

7        In his TAC, plaintiff asserts the following four claims against both the defendant City and

8   defendant Mendes:  (1) denial of medical care in violation of the Fourth Amendment under 42

9   U.S.C. § 1983; (2) negligence; (3) strict liability; and (4) intentional infliction of emotional

10   distress.  (*Id.*)

11        On September 29, 2023, the defendant City filed its pending motion to dismiss all claims

12   brought against it, and on October 3, 2023, defendant Mendes filed his pending motion to dismiss

13   all claims brought against him.  (Doc. Nos. 56, 57.)  Plaintiff filed his oppositions to both motions

14   to dismiss on October 13, 2023.  (Doc. Nos. 58, 59.)  On October 23, 2023, both defendants filed

15   their replies thereto.  (Doc. Nos. 60, 61.)

16   **LEGAL STANDARD**

17        The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

18   sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.

19   1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

20   sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901

21   F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

22   relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A

23   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

24   the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v.

25   Iqbal*, 556 U.S. 662, 678 (2009).

26

27   [1]  Because plaintiff no longer names Letendre as a defendant in the operative TAC, the court will
     dismiss defendant Letendre from this action and direct the Clerk of the Court to update the docket
28   to reflect that defendant Letendre has been terminated from this action.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  It is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought under Rule 12(b)(6), the court is permitted to consider material that is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiffs' complaint necessarily relies on them and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–689 (9th Cir. 2001).

## ANALYSIS

**A.      The Defendant City's Motion to Dismiss**

      1.      <u>Plaintiff's State Law Claims against the Defendant City</u>

In its pending motion to dismiss, the defendant City argues that plaintiff's state law claims for negligence, strict liability, and intentional infliction of emotional distress are time-barred based on the applicable six-month statute of limitations period provided by the California Government Claims Act.  (Doc. No. 56-1 at 2, 5) (citing Cal. Gov't Code § 945.6(a)(1)).  Relevant here, California Government Code § 945.6(a)(1) provides that any suit brought against a public entity asserting causes of action that are subject to the California Government Claims Act

/////

4

"must be commenced . . . not later than six months after the date [the entity's written notice of its rejection] is personally delivered or deposited in the mail."  Cal. Gov't Code § 945.6(a)(1).

The defendant City rejected plaintiff's claim on February 7, 2022, so plaintiff needed to file his complaint asserting claims against the City by August 7, 2022.  Plaintiff timely filed his initial complaint on August 1, 2022, with six days to spare.  (Doc. No. 1.)  However, plaintiff then voluntarily dismissed the City as a defendant in this action on October 19, 2022, and he did not file his SAC once again naming the City as a defendant until almost four and one-half months later on March 2, 2023.  (*See* Doc. Nos. 17, 29.)  Thus, the SAC again naming the City as a defendant was filed long after the six spare days had passed and the six-month limitations period had expired.

In opposing the defendant City's motion to dismiss, plaintiff does not contest that he was required to file his complaint in this court within six months of having his claim rejected by the defendant City.  Plaintiff argues instead that his SAC and TAC relate back to the filing of his original complaint, meaning that the claims asserted in his TAC are not time-barred.  (Doc. No. 58 at 12.)  It is not entirely clear from plaintiff's opposition whether plaintiff is discussing the federal relation back doctrine, state relation back doctrine, or both.  Nonetheless, the court concludes that neither doctrine applies here.

"Under California law, '[a]s a general rule, an amended complaint that adds a new defendant does not relate back to the date of filing the original complaint and the statute of limitations is applied as of the date the amended complaint is filed, not the date the original complaint is filed.'"  *Pratt v. Gamboa*, No. 17-cv-04375-LHK, 2020 WL 2512407, at *8 (N.D. Cal. May 15, 2020) (quoting *Hawkins v. Pac. Coast Bldg. Prods., Inc.*, 124 Cal. App. 4th 1497, 1503 (2004)).  However, relation back is permitted "where an amendment does not add a 'new' defendant, but simply corrects a misnomer by which an 'old' defendant was sued . . . ."  *Hawkins*, 124 Cal. App. 4th at 1503.  Here, "[t]he addition of [the defendant City] cannot reasonably be construed as an attempt to simply correct a misnomer by which an old defendant was sued, nor does Plaintiff provide any argument to that effect."  *Pratt*, 2020 WL 2512407, at *9 (internal citations omitted).  Instead, in his SAC and TAC, plaintiff "simply realleged" his claims against

5

the defendant City "using the same names that Plaintiff had previously used in the original

complaint.  Hence, under California law, the addition of [the defendant City] in the SAC cannot

relate back to the original complaint."  *Id.* (internal citations omitted); *see also Jackson v. Med.*

*Bd. of Cal.*, No. 2:07-cv-02188-SVW-RZ, 2012 WL 13019955, at *7–11 (C.D. Cal. Apr. 19,

2012) (holding that there was no relation back under California law where the plaintiff re-named

a voluntarily dismissed defendant).

    For similar reasons, there can be no relation back in these circumstances under federal

law.  "An amendment to a pleading relates back to the date of the original pleading when" that

amendment "changes the party or the naming of the party against whom a claim is asserted" and

that party "knew or should have known that the action would have been brought against it, but for

a mistake concerning the proper party's identity."  Fed. R. Civ. P. 15(c)(1)(C).  Plaintiff does not

argue that there was any mistake concerning the defendant City's identity, and there is nothing to

suggest such a mistake was made.  Indeed, federal courts "routinely reject the application of

Rule 15(c)(1)(C) as to defendants that plaintiffs dismiss and subsequently seek to reintroduce."

*Pratt*, 2020 WL 2512407, at *10.

    Because neither the state nor the federal relation back doctrine applies, plaintiff's state law

claims against the defendant City are time-barred unless equitable tolling of the statutory period

applies.  *See Martell v. Antelope Valley Hosp. Med. Ctr.*, 67 Cal. App. 4th at 978, 984 (1998)

(internal citations omitted) (explaining that "a party's voluntary dismissal without prejudice does

not come equipped by law with an automatic tolling or waiver of all relevant limitations periods;

instead, such a dismissal includes the very real risk that an applicable statute of limitations will

run before the party is in a position to renew the dismissed cause of action"); *see also Jackson*,

2012 WL 13019955, at *7–11 (holding that if a party is voluntarily dismissed and the statute of

limitations expires, then the dismissed party may not later be re-joined in an amended complaint

absent relation back); *Pratt*, 2020 WL 2512407, at *7-11 (same); *Blackwell v. City of Los*

*Angeles*, No. 2:19-cv-09977-FLA-MAR, 2023 WL 3526132, at *4 n.2 (C.D. Cal. Mar. 15, 2023)

(same).

/////

1    In his opposition to the pending motion, plaintiff cites the decision in *Addison v. State of*

2  *California*, 21 Cal. 3d 313 (1978) for the proposition that the six-month statute of limitations is

3  tolled while a plaintiff's claims are pending in federal court.  (Doc. No. 58 at 13.)  As the

4  defendant City points out in its reply to plaintiff's opposition (Doc. No. 60 at 3), the holding in

5  *Addison* only applies when a plaintiff pursues an action in one forum and later files in a different

6  forum.  *See also Martell*, 67 Cal. App. 4th at 985 (concluding that equitable tolling did not apply

7  where the "appellants pursued successive claims in the *same* forum" because "[u]nder equitable

8  tolling the statute of limitations in one forum is tolled as a claim is being pursued in another

9  forum") (citing *Addison*, 21 Cal. 3d at 317); *Mitchell v. Snowden*, 700 F. App'x 719, 720 (9th Cir.

10  2017) (citing *Martell* for the same).[2]  Here, plaintiff filed successive claims in federal court.  As a

11  result, equitable tolling does not apply.  Plaintiff's state law claims brought against the defendant

12  City are therefore time-barred.

13    Accordingly, the defendant City's motion to dismiss plaintiff's state law claims brought

14  against it will be granted.

15    2.    Plaintiff's § 1983 Claim against the Defendant City

16    In his TAC, plaintiff includes headings for each of his four causes of action, and beneath

17  those headings, he lists the defendant(s) against whom each claim is being asserted.  Based on

18  those headings, plaintiff's first cause of action—"Fourth Amendment – Denial of Medical Care,

19  42 U.S.C. § 1983"—is asserted only against defendant Mendes and Does 1–50, not the defendant

20  City.  (Doc. No. 52 at 5.)  However, plaintiff includes one sentence in the TAC alleging that the

21  defendant City "is a public entity and is being sued under Title 42 U.S.C. § 1983 for violations of

22  the Fourth Amendment . . . ."  (*Id.* at ¶ 8.)  At the November 21, 2023 hearing on the pending

23  motions, plaintiff's counsel clarified that plaintiff is suing the defendant City under 42 U.S.C.

24  § 1983.  However, plaintiff has alleged no facts at all to support a § 1983 claim against the

25  defendant City.  Indeed, at the hearing, plaintiff's counsel acknowledged that the TAC contains

26  no such factual allegations.  Plaintiff did not proffer any additional factual allegations that he

27

28

---

[2]  Citation to this unpublished Ninth Circuit decision is appropriate pursuant to Ninth Circuit Rule 36-3.

1  would include in a fourth amended complaint were further leave to amend to be granted and

2  instead expressed only that plaintiff's counsel hoped to unearth facts supporting such a claim

3  against the defendant City through discovery.

4      Accordingly, the defendant City's motion to dismiss plaintiff's § 1983 claim brought

5  against it will be granted.

6      3.   Leave to Amend

7      Leave to amend should be granted "freely" when justice so requires.  Fed. R. Civ.

8  P. 15(a).  The Ninth Circuit maintains a policy of "extreme liberality generally in favoring

9  amendments to pleadings."  *Rosenberg Bros. & Co. v. Arnold*, 283 F.2d 406, 406 (9th Cir. 1960).

10  Reasons "such as undue delay, bad faith or dilatory motive . . .  repeated failure to cure

11  deficiencies . . . undue prejudice to the opposing party . . . [or] futility" may support denial of

12  leave to amend.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  A district court "should grant leave

13  to amend even if no request to amend the pleading was made, unless it determines that the

14  pleading could not possibly be cured by the allegation of other facts."  *Cook, Perkiss and Liehe,*

15  *Inc. v. N. Cal. Collection Servs.*, 911 F.2d 242, 247 (9th Cir. 1990).

16      As explained above, plaintiff's state law claims against the defendant City are time-

17  barred, making any amendment futile.  As to plaintiff's § 1983 claim against the defendant City,

18  plaintiff has offered no factual allegations supporting that claim in his third amended complaint.

19  As noted above, plaintiff's counsel did not proffer any allegations that would be included in a

20  further amended complaint and indeed, plaintiff's counsel made clear at the November 21, 2023

21  hearing that plaintiff would rely on discovery to add any such additional factual allegations.  The

22  court therefore finds that the granting of leave to file a fourth amended complaint to allege a

23  § 1983 claim against the defendant City would be futile.

24      Accordingly, all of plaintiff's claims against the defendant City will be dismissed without

25  leave to amend, and the defendant City will be dismissed from this action.

26  /////

27  /////

28  /////

**B.**     **Defendant Mendes's Motion to Dismiss**

       1.      Plaintiff's § 1983 Claim against Defendant Mendes

      "Section 1983 is a vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015) (internal citations omitted).  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  "[A] state employee who is on duty, or otherwise exercises his official responsibilities in an off-duty encounter, typically acts under color of state law." *Naffe*, 789 F.3d at 1037.  However, "§ 1983 does not federalize all torts or other deprivations of rights committed by a person who is a law enforcement officer or other government agent." *Id.* at 1036. Ultimately, "the critical question is not whether the officers were technically on or off duty, but instead whether . . . they were acting in an official capacity." *Hyun Ju Park v. City and Cnty. of Honolulu*, 952 F.3d 1136, 1140–41 (9th Cir. 2020).

      Defendant Mendes argues in his pending motion to dismiss that plaintiff's § 1983 claim must be dismissed because plaintiff does not sufficiently allege that defendant Mendes was acting under color of law.  (Doc. No. 57 at 9.)  In this regard, defendant Mendes argues that:  (1) plaintiff's allegations compel the conclusion that defendant Mendes was off-duty at the time of the encounter; (2) the Ninth Circuit's decision in *Naffe* supplies the applicable test in determining whether a plaintiff has alleged that an off-duty officer acted under color of law[3]; and (3) the allegations of plaintiff's TAC fall short of satisfying the *Naffe* test.  (*Id.* at 9–10.)  Defendant

---

[3]  In *Naffe*, the Ninth Circuit held that an off-duty state employee,

> acts under color of state law when (1) the employee purports or pretends to act under color of law; (2) [their] pretense of acting in the performance of their duties had the purpose and effect of influencing the behavior of others; and (3) the harm inflicted on plaintiff related in some meaningful way either to the officer's governmental status or to the performance of [their] duties.  On the other hand, a government employee does not act under color of state law when he pursues private goals via private actions.

789 F.3d at 1037.

Mendes's argument in this regard and reliance on the decision in *Naffe* is unpersuasive in light of the nature of the allegations advanced by plaintiff in support of his claims.

Plaintiff alleges that defendant Mendes was on-duty at the time of the alleged encounter, or at minimum that defendant Mendes was "exercis[ing] his official responsibilities in an off-duty encounter." *Naffe*, 789 F.3d at 1037.  In effect, plaintiff alleges that defendant Mendes's job contained two separate sets of responsibilities.  Presumably, defendant Mendes is a typical police officer who in the normal course of his duties conducts patrols, wears a uniform, and responds to citizen calls or complaints.  Plaintiff plainly alleges that defendant Mendes "approached [plaintiff while] off-duty" with respect to these typical responsibilities; there is no allegation in plaintiff's TAC that, for instance, defendant Mendes was in uniform or announced himself as a police officer.  (Doc. No. 52 at ¶ 31.)  Indeed, plaintiff alleges that "he did not know that [defendant Mendes] worked as an officer of the City of Etna Police Department."  (*Id.*)  Plaintiff does not allege that defendant Mendes was on-duty or exercising his official responsibilities as, e.g., a typical patrol officer at the time of the encounter.

Rather, plaintiff expressly alleges that defendant Mendes "was acting under color of law by searching for the police K9's that were in his custody" and with whose care and supervision defendant Mendes was tasked by his employer in his capacity as a police canine handler.  (*Id.* at ¶ 21.)  Plaintiff alleges that the defendant City bought and owned the dogs, that the dogs were placed with defendant Mendes so that he could train them for police work, that defendant Mendes did in fact train the dogs for police work, that the dogs escaped his custody on the night in question, that City Police Department policy requires that the dogs be caged and supervised at all times, and that defendant Mendes was searching for the police dogs precisely because his job required him to supervise the dogs at all times.  (*Id.* at ¶¶ 11, 14, 15.)  Plaintiff further alleges that defendant Mendes was only able to control the dogs due to his state-imbued authority, because anyone else would have lacked the "verbal commands" and "physical tactics" required to call off the dogs in that situation.  (*Id.* at ¶ 15.)  Based on these allegations, plaintiff has sufficiently alleged that defendant Mendes was acting under color of law.  In particular, if proven these allegations would show that it is plausible that defendant Mendes was on-duty, or at least

1    exercising his official responsibilities as a canine handler in an off-duty encounter with plaintiff

2    and plaintiff's roommate, when he pursued his employer-provided dogs that were in his custody

3    and pursuant to his employer-mandated policies.  *See Naffe*, 789 F.3d at 1037.

4           Accordingly, defendant Mendes's motion to dismiss plaintiff's § 1983 claim on the

5    grounds that plaintiff has failed to adequately allege that defendant Mendes was acting under

6    color of law will be denied.

7           2.    Plaintiff's State Law Claims against Defendant Mendes

8           Defendant Mendes argues in his motion to dismiss that if the federal § 1983 claim is

9    dismissed, then the court lacks supplemental jurisdiction over plaintiff's state law claims.

10   Because the court will be denying defendant Mendes's motion to dismiss plaintiff's § 1983 claim

11   brought against him, defendant Mendes's sole argument for dismissing plaintiff's state law claims

12   against him also fails.

13          Accordingly, defendant Mendes's motion to dismiss plaintiff's state law claims will

14   likewise be denied.

## CONCLUSION

16          For the reasons explained above,

17          1.    Defendant City of Etna's motion to dismiss (Doc. No. 56) all claims brought

18                against it is granted, without leave to amend;

19          2.    Defendant City of Etna is dismissed from this action;

20          3.    Defendant Nathan Mendes's motion to dismiss (Doc. No. 57) all claims brought

21                against him is denied;

22          4.    Because defendant Brett Letendre was no longer named as a defendant in the

23                operative third amended complaint, defendant Letendre is dismissed from this

24                action;

25          5.    Defendant Mendes is directed to file an answer to plaintiff's third amended

26                complaint (Doc. No. 52) within twenty-one (21) days from the date of entry of this

27                order; and

28   /////

1    6.    The Clerk of the Court is directed to update the docket to reflect that defendants

2          City of Etna and Brett Letendre have been terminated as named defendants in this

3          action.

4    IT IS SO ORDERED.

5
     Dated:    __December 19, 2023__                    _____

6                                                        DALE A. DROZD
                                                         UNITED STATES DISTRICT JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28