UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYDER KLENK,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF ENTA, et al.,<br><br>    Defendants. | No. 2:22-cv-01366-DAD-DMC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DEPOSITION TESTIMONY<br><br>(Doc. Nos. 70, 71, 72) |

    Pending before the court are plaintiff's letter brief and motion to compel deposition testimony in connection with the deposition of defendant Mendes currently noticed for December 13, 2024. (Doc. Nos. 70, 71.) Also before the court is plaintiff's motion for an order shortening time for a hearing on plaintiff's motion to compel. (Doc. No. 72.) On December 10, 2024,

/////
/////
/////
/////
/////
/////
/////
/////

1

defendant filed an opposition to plaintiff's requests for relief. (Doc. No. 73.) On December 11, 2024, plaintiff filed a reply thereto. (Doc. No. 74.)[1]

Plaintiff seeks an order requiring defendant Mendes to appear for his deposition as currently noticed for December 13, 2024, so as to allow time for the completion of follow-up discovery prior to the current non-expert discovery deadline of January 29, 2025. (Doc. Nos. 71 at 2–4, 74 at 2.) Defendant opposes plaintiff's request and states that the parties engaged in a conference on December 5, 2024, at which the parties discussed defendant Mendes' unavailability on December 13, 2024, and that plaintiff "was thereafter provided dates of availability via email for later in December." (Doc. No. 73 at 3.) In reply, plaintiff requests that the court order the deposition of defendant Mendes to take place on December 13, 2024, "or as soon as possible after that date." (Doc. No. 74 at 2.)

Having considered the parties' arguments, and good cause appearing, the court orders as follows:[2]

1. The deposition of defendant Mendes shall occur on or before January 14, 2025, on proper notice;

/////

/////

---

[1] The court notes that plaintiff's letter brief refers to a "person most knowledgeable" ("PMK") deposition, purportedly noticed for December 19, 2024. (Doc. No. 70 at 2.) The letter brief also asks that the court "acknowledge that defense counsel has no authority to require plaintiff's deposition before defendant's deposition." (*Id*. at 3.) Plaintiff's motion to compel again references a PMK deposition, and refers to defendants in the plural. (Doc. No. 71.) In opposition, defendant Mendes notes that he is the only defendant remaining in this action. (Doc. No. 73 at 2.) He also notes that plaintiff served a notice of deposition for the PMK from the City of Etna after the City of Etna was no longer a party to this lawsuit. (*Id*.) In plaintiff's reply brief, plaintiff makes no mention of the PMK deposition or any other relief plaintiff seeks other than that related to defendant Mendes' deposition. (Doc. No. 74.) Accordingly, the court will disregard any requested relief except that related to defendant Mendes' deposition. The court will decline to order the deposition of a PMK and will also decline to issue any order addressing whether plaintiff's deposition must occur prior to defendant Mendes' deposition.

[2] The Eastern District of California's overwhelming caseload has been well publicized, and the long-standing lack of adequate judicial resources in this district long ago reached crisis proportions. The court urges the parties to do their part to avoid unnecessary motion practice, including by reaching agreement and filing stipulations signed by both parties whenever possible.

2. The deadline for completion of non-expert discovery is extended to March 14, 2025, for purposes of follow-up discovery related only to subjects covered during the depositions of defendant Mendes and plaintiff;

3. Plaintiff's motion to compel seeking an order compelling the Mendes deposition to take place on December 13, 2024, and the request for relief in plaintiff's informal discovery dispute letter brief (Doc. Nos. 70, 71) are denied;

4. Plaintiff's motion for an order shortening time for a hearing on the motion to compel (Doc. No. 72) is denied as moot in light of the issuance of this order; and

5. The parties are directed to meet and confer in good faith as to the scheduling of defendant Mendes' deposition as well as plaintiff's deposition consistent with this order.

IT IS SO ORDERED.

Dated:   **December 12, 2024**            _Dale A. Drozd_
                                                    DALE A. DROZD
                                                    UNITED STATES DISTRICT JUDGE